The Honorable Marsha J. Pechman

___FILED ___ENTERED
___LODGED ___RECEIVED

APR 15 2003   KN

AT SEATTLE
CLERK U.S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JAMES R. CONROY,

    Plaintiff,

vs.

THE CITY OF SEATTLE, a municipal corporation and the members of its Police Force, OFFICERS SCOTT MOSS, JOHN HAYES, MARK GRINSTEAD, MARGARET SMITH, JOE MACCARRONE, BRADLEY JOHNSON, SUZANNE PARTON, CLAY STOCKWELL, MARK WORSTMAN, GLEN MULKEY, JAMES BRAKEBILL, ROLF TOWNE, DWAYNE PIRAK, JOE PIOLI, GREG RICE, MATT NESS, LIEUTENANT MARK MOUNT, and CAPTAIN MICHAEL SANFORD,

    Defendants.

No. C02-2380P

AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES FOR DEPRIVATION OF RIGHTS, PRIVILEGES AND IMMUNITIES AND PENDENT CLAIMS (SUPPLEMENTAL JURISDICTION)

JURY DEMAND

## I. JURISDICTION

1.1 Jurisdiction of this claim lies in this court based upon 42 USC §1983 reading as follows:

> **Civil Action for Deprivation of Rights.** Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS - 1

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

ORIGINAL

District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

1.2   This court has original jurisdiction of this action pursuant to 28 USC §1343(a)(3) reading as follows:

> **Civil Rights and elective franchise.** (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: ...(3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;...

1.3   This court also has supplemental jurisdiction of the plaintiff's claims (other than the constitutional claims) pursuant to 28 USC §1367 reading as follows:

> (a)   Except as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS   - 2

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

## II. VENUE

Venue is proper in this judicial district pursuant to 28 USC §1391(b)(1) because the defendant City of Seattle, a municipal corporation, is located in this judicial district and the individual defendants all reside in this District. Venue is also appropriate in this District under 28 USC §1391 (b)(2) because a substantial part of the events giving rise to this claim occurred within this District.

## III. PARTIES

3.1 James R. Conroy, plaintiff is a single person, age 42 and is a citizen of the United States. He is now and always has been a resident of Seattle, King County, Washington.

3.2 City of Seattle is a municipal corporation.

3.3 The individual defendants named in this complaint are officers of the Police Department of the City of Seattle and all are residents in this district.

3.4 Claimant has a mental and emotional handicap and has been treated intermittently by psychiatrists and clinical psychologists. These health care practitioners have prescribed various medications to assist and, when taking his medications on a regular basis, claimant lives and behaves normally as a citizen. When not taking his medication, he will at times behave inappropriately, but at no time during his adult life has he ever behaved violently nor inflicted any physical abuse upon any person. From time to time

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS  - 3

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

his actions may be described as inappropriate, but he is, and has always been, a gentle and a careful person.

## IV.  FACTS

4.1  On August 9, 2001 claimant was at his home which he owns at his residence address, 2114 - 34th Avenue West, Seattle, Washington 98199.  He was alone in the home and had locked himself in.  He had written on the front window of the home, "Help me."  A report was made by persons unknown to the Seattle Police Department who responded by sending approximately 12 police vehicles and two armored vehicles to the scene.  A crowd gathered.  Two of claimants siblings were there who knew personally from claimant's history that he was merely behaving inappropriately and that apparently had not regularly taken his medication.  A number of the neighbors of claimant, who knew him to be a gentle and kind person, and who also knew of his mental difficulties, were also on the scene.  One of claimant's mental health professionals came to the scene and the following occurred:

(a)  Claimant's brothers both spoke to the police officer in charge telling him that claimant was not violent and that it would merely be necessary that one or both of them talked to him and whatever difficulty the police perceived would be peacefully resolved.  The officer responded, "get out of here--this is a police matter," and told both brothers to leave the area.

(b)  The mental health professional who had previously worked with claimant, made the same request to the police, knowing

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS  - 4

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

that claimant was not a violent person and asking merely to speak with the claimant to resolve any problems. The police told the mental professional "get out of here," again asserting that it was a "police matter."

(c) After several hours the police requested help from King County Mental Health Crisis and Commitment Services. Mental Health Professionals from that agency arrived at the scene. By that time police patrol officers, hostage negotiators and the Seattle Police Special Weapons and Tactics Team (SWAT) had assembled. Negotiators were attempting to communicate with claimant by means of a bullhorn or amplified speakers. Claimant was not responsive. The mental health professionals advised police officers that there did not exist sufficient evidence for involuntary commitment of claimant pursuant to State law. Police personnel advised the mental health professionals that upon contact with claimant that they would transport him to Harborview Hospital for mental health evaluation regardless of whether or not there existed probable cause.

(d) For several hours thereafter police officers attempted to coax claimant from his home. A police armored vehicle was positioned on plaintiff's property immediately outside this front door of his house. SWAT officers and other officers surrounded the premises and pointed weapons in the direction of claimant's residence. A SWAT crisis team consisting of defendants Mulkey, Pirak, Pioli, Rice and Ness positioned themselves

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS - 5

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

approximately 20 feet from plaintiff's front door behind a storage shed. All SWAT officers were equipped with munitions including less lethal munitions. A SWAT tactical plan was developed whereby less lethal munitions would be utilized to prevent claimant from re-entering his residence in the event claimant left his residence and stood on his front porch. As no time was claimant provided warning that weapons would be used against him if he failed to surrender to police.

(e) When claimant opened the door and stepped out onto the porch, defendant Dwayne Pirak, one of the SWAT police officers, fired an impact weapon at point blank range, directly into claimant's face, destroying one of his eyes. Defendant Greg Rice fired an electrically charged Taser gun into claimant to render him immobile. Claimant has permanently lost all vision in his eye and for his lifetime will have a prosthetic eye.

4.2 Claimant was not violent and at no time in his life had ever been violent. Whatever crime the police suspected the claimant to have committed was not of the severity that justified the unlawful and unconstitutional force used. Claimant did not pose any immediate threat to the police nor to any citizen and was neither resisting or fleeing; the amount of force used by the police in shooting claimant directly in the face at point blank range was not a good faith effort to maintain discipline, but was rather a malicious and sadistic act on the part of the police to harm the plaintiff and was done recklessly and with callous

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS   - 6

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

indifference, all in violation of claimant's constitutional rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and in violation of 42 USC §1983, and the arrest of claimant in this manner constituted an assault and battery and a false arrest.

4.3   The Fourth Amendment to the United States Constitution reads as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

4.4   The Fourteenth Amendment to the United States Constitution reads as follows:

> ...no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property, without due process of law; or deny to any person within its jurisdiction the equal protection of the law.

4.5   The Fourth Amendment guarantees to every person the right to be free from the use of excessive force by the police and the forces of government.   The force used upon plaintiff was intentional or at least with reckless and callous disregard for claimant's constitutional rights, was brutal, unjustified, abusive and offensive to human dignity and out of all proportion to any conceived threat that the officers violating his rights may have perceived.   The injury to plaintiff James R. Conroy was an

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS  - 7

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

objectively severe physical injury, satisfying the injury element of the civil rights claim under 42 USC §1983.

4.6   The Fourteenth Amendment requires probable cause that a criminal offense has been committed prior to an arrest and deprivation of the liberty of the arrested person.  There was no probable cause for the arrest and physical abuse committed upon claimant and he was falsely arrested, and intentionally and unjustifiably confined, and his liberty taken from him without due process of law and it constituted a denial of equal protection of the law.  The actions of the police constituted an intentional infliction of bodily harm to which plaintiff did not consent.

4.7   The conduct of the police officers above described was in violation of the Fourth and Fourteenth Amendments of the United States Constitution and in violation of 42 USC §1983.

4.8   The City of Seattle is a municipal corporation within the State of Washington which maintains as its agents and servants of the City of Seattle, the members of the Seattle Police Department. The City of Seattle acted with reckless and callous disregard for the constitutional rights of citizens including the claimant, neither properly supervising nor instructing the police personnel to exercise appropriate restraint and to prohibit absolutely the use of excessive and unreasonable force in effecting an arrest. Further, the policy followed by the Seattle Police Department in reckless disregard of the constitutional rights of the citizens and the claimant followed a policy of permitting and not restraining

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS   - 8

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

the police officers from firing guns directly into the face of a citizen who is not posing any threat to the police officers nor to any citizen.

4.9   Claimant was hospitalized and, during the period from the date of the incident through September 7, 2001, incurred hospital expense of $34,517.41 and medical and surgical expenses of $8,613.41. In addition, the expenses for the prosthetic eye and medical treatment associated therewith exceed $3,500.

## COUNT ONE
### DEPRIVATION OF RIGHTS/COMPENSATORY DAMAGES

Plaintiff has permanently lost the sight in his eye and for the rest of his life will be required to wear a prosthetic eye. He has suffered personal indignity, embarrassment, humiliation, emotional and mental distress, mental anguish, pain and suffering, medical expense for loss of and treatment for his eye injury and replacement with a prosthetic eye and anticipates expense over his lifetime for counseling, psychiatric and psychological assistance superimposed upon a difficult mental health situation which plaintiff was burdened with prior to the incident. Plaintiff has sustained loss of income and loss of earning capacity, all to plaintiff's compensatory damage in the sum of $1 million for violation of 42 USC §1983 and deprivation of his constitutional rights.

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS   - 9

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

## COUNT TWO
## PUNITIVE DAMAGES

The conduct of the defendants described in Paragraph IV above was malicious and constituted an intentional and/or reckless disregard of plaintiff's civil and constitutional rights. The police operated in a manner that evidenced callous indifference to the rights of plaintiff and the officers acted in bad faith and defendants should be punished and deterred from the type of conduct visited upon the plaintiff and an additional award of punitive damages in the sum of $1 million is appropriate and demanded by plaintiff.

## COUNT THREE
## ATTORNEY'S FEES

42 USC §1988 provides that in any action or proceeding to enforce a violation of 42 USC §1983 the court, in its discretion, may allow the prevailing party a reasonable attorney's fee and plaintiff requests that at the conclusion of trial, the court, in addition to compensatory and punitive damages award plaintiff a reasonable attorney's fee for the prosecution of this action.

## COUNT FOUR
## ASSAULT AND BATTERY

The conduct of the defendants described in Paragraph IV above constituted an intentional infliction of harmful body contact to which the plaintiff did not consent, causing damage to the plaintiff in the sum of $1 million as described in Count One for compensatory damage.

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS  - 10

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

## COUNT FIVE
## FALSE ARREST, FALSE IMPRISONMENT

The conduct of the defendants described in Paragraph IV above amounted to an intentional confinement of the plaintiff which was unjustified, amounting to false arrest/false imprisonment to the damage of the plaintiff in the sum of $1 million as described in Count One for compensatory damages.

## COUNT SIX
## TORT OF OUTRAGE

The conduct of the defendants described in Paragraph IV above was outrageous in character, extreme in degree and beyond all possible bounds of decency. The conduct of the defendants was atrocious and utterly intolerable in a civilized community to the damage of the plaintiff in the sum of $1 million as alleged in Count One for compensatory damages.

## COUNT SEVEN
## NEGLIGENCE

The conduct of the defendants described herein was negligent in that defendants Pirak, Pioli, Rice, Ness and Mulkey failed to exercise reasonable care under the circumstances resulting in substantial and permanent injury to plaintiff.

Plaintiff demands trial by jury.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them as follows:

1. For $1 million compensatory damages on Counts One, Four, Five and Six;

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS  - 11

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

2. For $1 million punitive damages on Count Two;

3. That the court award a reasonable attorney's fee as requested in Count Three;

4. For plaintiff's costs and disbursements herein to be taxed and such other and further relief as to the court may seem just and equitable in the premises.

Dated this 28th day of March, 2002.

_____
Frank R. Siderius    WSBA 7759
SIDERIUS LONERGAN & MARTIN LLP
Attorneys for Plaintiff

AMENDED COMPLAINT PERSONAL INJURIES &
DAMAGES FOR DEPRIVATION OF RIGHTS,
PRIVILEGES AND IMMUNITIES &
PENDENT CLAIMS  - 12

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805